```
UNITED STATES DISTRICT COURT                          ORIGINAL
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the matter of E.D.T., an infant under the age
of 16, by her natural parent, Ms. IDES
ADAMAH,

                        Petitioner,         MEMORANDUM AND ORDER
        -against-                            Case No. 09-CV-5477 (FB)

EVANS H. TAYSON,

                        Respondent.
------------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
RODNEY M. ZERBE, ESQ.
Crowell & Moring LLP
590 Madison Avenue
New York, New York 1022

**BLOCK, Senior District Judge:**

Petitioner Ides Adamah ("Adamah") successfully petitioned for the return of her child ("E.D.T.") to the United Kingdom pursuant to the Hague Convention on the Civil Aspects of International Child Abduction of 1980 ("the Hague Convention"), implemented by the International Child Abduction Remedies Act of 1988 ("ICARA"). Pub. L. No. 100-300, 102 Stat. 437 (1988), *codified at* 42 U.S.C. §§ 11601-11610.[1] Adamah now seeks reimbursement from respondent Evans Tayson ("Tayson") of costs incurred pursuant to 42 U.S.C. § 11607(b)(3).

For the reasons stated below, Adamah's motion is granted and she is awarded costs in the total amount of $9,408.95.

---

[1] General familiarity with the prior proceedings is presumed. *See Adamah v. Tayson (In re E.D.T.)*, 2010 U.S. Dist. LEXIS 54172 (May 27, 2010 E.D.N.Y.).

I

Under ICARA, "[a]ny court ordering the return of a child . . . *shall* order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees . . . and transportation costs related to the return of the child, unless the respondent establishes that such an order would be *clearly inappropriate*." 42 U.S.C. § 11607(b)(3) (emphasis added).

Adamah does not seek an award of attorney's fees against Tayson, only costs, including reimbursement for the following: (1) filing fees for commencement of her petition for the return of her child; (2) fees related to service of process; (3) costs of procuring transcripts of depositions, the hearing and other trial proceedings; (4) disbursements for postage, telephone calls, copying costs, messenger service and local transportation; and (5) airfare for Adamah's attendance at trial-related proceedings and the collection of her daughter. In support of her motion, she has submitted documentation and/or invoices attesting to the foregoing costs, with the exception of travel expenses for two plane trips.[2] Further, apart from airfare, the remainder of Adamah's costs were out-of-pocket expenses incurred by her counsel on her behalf.

As mentioned above, an award of costs to a prevailing petitioner is mandatory under ICARA unless the respondent establishes that "such order would be

---

[2] Adamah did not submit air fare charges for (1) her round trip travel from London to New York (Apr. 11, 2010 - Apr. 20, 2010), and (2) E.D.T.'s one-way travel from New York to London (Jun. 14, 2010). She reserved the right to supplement her motion for costs upon retrieving the requisite information but, as of the date of this decision, has not done so. *See* Aff. in Supp. of Petr's Application at 3. Given that her motion has been pending for over three months without supplementation, the Court's award does not incorporate the foregoing items and it will not consider any subsequent cost submissions.

2

clearly inappropriate." 42 U.S.C. § 11607(b)(3). After being duly served with Adamah's motion for costs, Tayson failed to respond or to otherwise defend against the petition; therefore, he has not established that an award of costs against him would be inappropriate.

The travel expenses Adamah incurred were clearly "transportation costs related to the return of the child," 42 U.S.C. § 11607(b)(3), and she is entitled to reimbursement for those travel expenses for which she has submitted airfare charges. *See supra* n. 2. As to the expenses her counsel incurred on her behalf, the Second Circuit has held that reasonable, identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. *See United States Football League*, 887 F.2d 408, 416 (2d Cir. 1989); *see also Kuzma v. Internal Revenue Service*, 821 F.2d 930, 933-34 (2d Cir. 1987) (providing a non-exclusive list of recoverable costs, including photocopying, travel and telephone costs). Payment is not permitted, however, for items that constitute routine office overhead. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). Based on a review of Adamah's application, the Court finds that the costs incurred on her behalf are recoverable.

## II

Adamah's motion is granted and she is awarded costs in the total amount of $9,408.95.

**SO ORDERED.**  s/ Judge Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 19, 2010

3